UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH LYNN BAYS,   Case No. 1:07-cv-016

    Plaintiff,   Magistrate Judge Timothy S. Black

vs.

PARAMOUNT'S KINGS ISLAND,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE**

This matter is before the Court on Defendant's motions *in limine* (docs. 22 and 23) and Plaintiff's responsive memoranda.  (Docs. 28, 29.)  Defendant Paramount's Kings Island ("PKI") is seeking to:  (1) exclude the testimony of Plaintiff's treating physicians; and (2) exclude testimony or argument regarding Defendant's alleged responsibility under 42 U.S.C. § 1983 for the actions of its security officers.  For the reasons that follow, both motions are **DENIED**.

    A.    **Testimony of Treating Physicians**

Defendant maintains that Plaintiff's treating physicians should be precluded from testifying at trial because Plaintiff failed to file expert reports.

However, Fed. R. Civ. P. 26(a)(2)(B) by its very terms provides that a party needs to file an expert report from a treating physician only if that physician was "retained or specially employed to provide expert testimony."  *Fielden v. CSX Transp., Inc.*, 482 F.3d

866, 869 (6th Cir. 2007). "A treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." *Id.*[1] A treating physician is not considered an "expert" for purposes of Rule 26 simply by virtue of his or her expertise. *Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 197 (N.D. Ohio 1998).

Further, treating physicians may offer opinions regarding causation rendered in the course of the patient's treatment. *Morrison v. Stephenson*, No. 2:06-cv-283, 2008 U.S. Dist. LEXIS 12308, at *21-22 (S.D. Ohio Feb. 5, 2008). This conclusion is supported by the obvious fact that doctors may need to determine the cause of an injury in order to treat it. *See Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 557 (S.D. Ind. 2003).

Accordingly, Plaintiff's treating physicians may offer opinion testimony, including testimony as to causation, formed within the scope of their treatment.

**B.     PKI's Responsibility Under 42 U.S.C. §1983 for the Actions of Security Officers (Doc. 23)**

Defendant also seeks to preclude Plaintiff from presenting testimony or argument concerning PKI's alleged responsibility under 42 U.S.C. § 1983 for the actions of its security officers. Defendant claims that a private corporation cannot be held liable under § 1983 on a respondeat superior or vicarious liability basis.

However, Defendant's argument is overstated and ultimately misplaced. True,

---

[1] *See also* Advisory Committee Notes to Rule 26 which state that "[a] treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." Fed. R. Civ. P. 26(a), cmt. 1993 Amendments, subdivision (a), para (2).

"[l]ike a municipality, a government contractor cannot be held liable *soley* on a respondeat superior theory. The difference, however, is that a private contractor *is* liable for a policy or custom of that private contractor, rather than a policy or custom of the municipality." *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (emphasis added). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978). A private entity can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690.

As this Court previously addressed in its Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment (doc 19), Officer Steigerwald indicated that PKI maintains a police force to deal with problems that arise in the theme park, and these PKI police officers derive from Ohio Rev. Code §§ 109.71(A)(20) and 4973.17 "the power to detain and arrest" in order "to protect the property of the part as well as the property and safety of guests of the park." (Doc. 11, Ex. 3, ¶ 4.) Therefore, a jury could find that PKI is performing a public function traditionally reserved to the state. *See Evans v. Newton*, 382 U.S. 296, 299, 86 S. Ct. 486 (1966) ("When private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations.").

Accordingly, it would be improper to preclude Plaintiff from presenting testimony or argument concerning PKI's alleged responsibility under § 1983 for the actions of its security officers.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's motion *in limine* to preclude testimony from Plaintiff's treating physicians (doc. 22) is **DENIED**; and

2. Defendant's motion *in limine* to preclude testimony or argument regarding Defendant PKI's alleged responsibility under § 1983 for the actions of Defendant's security officers (doc. 23) is **DENIED**.

Date:   May 23, 2008                        s/ Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge